```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| EDUARDO FLORES, JR.,<br><br>        Plaintiff,<br>  v.<br><br>CAMDEN COUNTY CORRECTIONAL<br>FACILITY,<br><br>        Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-08353 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Eduardo Flores, Jr., Plaintiff Pro Se
617 N. 36th Street
Pennsauken, NJ 08110

**SIMANDLE, District Judge:**

    1.    Plaintiff Eduardo Flores, Jr., seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF"). Complaint, Docket Entry 1.

    2.    Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C.

§ 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will dismiss the complaint with prejudice in part and without prejudice in part for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4. To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to

2

rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

6. Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while

---

the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.
[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

3

exercising his responsibilities pursuant to state law." *Id.* at 50.

7. Because Plaintiff has not sufficiently alleged that a "person" deprived him of a federal right, the complaint does not meet the standards necessary to set forth a *prima facie* case under § 1983. Plaintiff seeks monetary damages from CCCF for allegedly unconstitutional conditions of confinement. The CCCF, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)). Because the claims against the CCCF must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCCF as a defendant.

8. Plaintiff may be able to amend the complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

9. However, to the extent the complaint seeks relief for conditions Plaintiff encountered during confinements ending prior to November 8, 2014, those claims are barred by the statute of limitations and must be dismissed with prejudice,

meaning that Plaintiff cannot recover for those claims because they have been brought too late.[3]

10. Plaintiff does not identify the dates of the events giving rise to his claims but alleges that they occurred "[b]etween 2010 to 2014." Complaint § III. Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement Plaintiff encountered at CCCF would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for some of Plaintiff's claims may have expired as early as 2012, well before this complaint was filed in 2016. Plaintiff therefore cannot recover for claims arising from confinements ending prior to November 8, 2014.[4]

---

[3] Plaintiff filed this complaint on November 8, 2016.
[4] Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of his cause of action, there are no

5

11. If Plaintiff elects to file an amended complaint, he therefore should focus only on facts that occurred during confinements ending on or subsequent to November 8, 2014. In the fact section of the complaint, Plaintiff states: "With such crowded conditions, I had to sleep on the floor next to the toilet, where many times when one went to use the toilet it would splash on me. The showers had mold residue all over the walls and floors. The area where our food as dispensed from, was dirty, had mice and roaches, and mold residue as well. They gave me medications that were not properly prescribed. They diagnosed me with medical conditions where I had never been diagnosed before. And the medications that they were giving me just put me in a bad state of mind, where I feel that they just made me hallucinate and caused me to have problems with other inmates and staff." Complaint § III. Plaintiff does not allege when these events took place, however, and, given Plaintiff's broad and vague allegation regarding when the events giving rise to his claims occurred, it is unclear from the face of the complaint whether they occurred outside of the statute of limitations. Construing the complaint liberally and granting Plaintiff all reasonable inferences, these claims therefore will

---

extraordinary circumstances that prevented Plaintiff from filing his claim, and there is nothing to indicate Plaintiff filed his claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

be dismissed without prejudice. Plaintiff may provide greater factual detail with respect to these allegations if he elects to file an amended complaint naming a proper defendant or defendants and if these events occurred within the statute of limitations, *i.e.*, during confinement(s) that ended on or after November 8, 2014.[5]

12. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and

---

[5] The Court does not presently address whether the facts alleged in the complaint are enough to support an inference that a constitutional violation has occurred. Because Plaintiff has not named a proper defendant and because some unknown portion of Plaintiff's claims appear to be barred by the statute of limitations, the complaint must be dismissed without prejudice in any event. It is therefore not necessary for the Court to make constitutional findings at this time. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 249 (3d Cir. 2005) (declining to address constitutional issues where it was unnecessary to do so because disposition of case could be based on other grounds) (citing *Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 347 (1936)).

explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[6] *Id.*

13. For the reasons stated above, the claims arising from Plaintiff's confinements ending prior to November 8, 2014, are barred by the statute of limitations and therefore are dismissed with prejudice. The remainder of the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

14. An appropriate order follows.


**June 29, 2017**                       **s/ Jerome B. Simandle**
Date                                 JEROME B. SIMANDLE
                                          U.S. District Judge

---

[6] The amended complaint shall be subject to screening prior to service.